## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | |
|---|---|
| BETH BRANSKY, as Next Friend of ISABELLA BRANSKY, PERSEPHONE GAVRILOS, as Next Friend of KRISTINA GAVRILOS, T.K., as Next Friend of K.K., A.S., as Next Friend of J.S., MICK STEVANOVICH, as Next Friend of MOLLY STEVANOVICH, and L.V., as Next Friend of H.V., | ) ) ) CASE NO. ) ) JUDGE ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BRIAN HARRIS, STEVEN McWILLIAMS, and BARRINGTON COMMUNITY UNIT SCHOOL DISTRICT 220, | ) ) ) ) |
| Defendants. | ) ) ) ) |

### COMPLAINT AND JURY DEMAND

Plaintiffs, for their Complaint and Jury Demand against Defendants Barrington 220 School District, et al., state as follows:

### NATURE OF THE ACTION

1.     This case arises out of District 220's unconstitutional discipline of several Barrington High School ("BHS") students because other BHS students saw a group photograph from a private, non-school-related party, mistook the initials of Kiara "Keisha" Kelley as alignment with the Ku Klux Klan, and made it their summer project to instigate a virtual internet mob to threaten and pressure District 220 to involve itself and mete out punishment for the thought crime they imagined had occurred. District 220, its Superintendent, Dr. Brian Harris, and BHS Principal, Steven McWilliams, cravenly obliged. They hauled Plaintiffs' minors (the "Girls") in

for unwarranted interrogations into what (even if the internet mob's imaginations had been correct) is patently protected free speech that District 220 may not punish. After these interrogations, District 220, Principal McWilliams, and Superintendent Harris no longer had any excuse to believe that reality matched the imagination of the internet mob. Nevertheless, despite their knowledge, they publicly (including in the press) defamed the Plaintiffs' minors (the "Girls") anyway ("behavior" that school "will not stand for," that is "outrageous," and that "burns me to my core"), declared them guilty, by virtue of nothing more than the photograph, of being in "breach of the prohibited misconduct section of the" Code of Conduct, and barred them from extracurricular activities pending yet another sentencing hearing – all in plain violation of their Constitutional rights. By this action, Plaintiffs seek damages and injunctive relief preventing punishment for exercising their right to free speech.

## JURISDICTION AND VENUE

2.      Subject-matter jurisdiction is proper in this Court pursuant to 28 U.S.C § 1331 because federal questions under the Constitution are involved.

3.      This Court is vested with power to render a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, which permit the Court to declare the rights and other legal relations of any interest party in a case of actual controversy.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b).

## THE PARTIES

5.      Molly Stevanovich is a minor child who is domiciled in the attendance area of Barrington High School (BHS) with her parents and legal guardians, Colleen Stevanovich and Mick Stevanovich.

6.  J.S. is a minor child who is domiciled in the attendance area of Barrington High School (BHS) with her parent and legal guardian, A.S.

7.  K.K. is a minor child who is domiciled in the attendance area of Barrington High School (BHS) with her parents and legal guardians, M.K. and T.K.

8.  H.V. is a minor child who is domiciled in the attendance area of Barrington High School (BHS) with her parents and legal guardian L.V.

9.  Isabella Bransky is a minor child who is domiciled in the attendance area of Barrington High School (BHS) with her parent and legal guardian Beth Bransky.

10.  Kristina Gavrilos is a minor child who is domiciled in the attendance area of Barrington High School (BHS) with her parent and legal guardian, Persephone Gavrilos.

11.  Barrington 220 School District is located in Barrington, Illinois and provides public education for children in portions of Lake and Cook Counties. The public high school involved in this matter that is operated by Barrington 220 School District is Barrington High School, located at 616 W Main Street, Barrington, Illinois 60010.

12.  Brian Harris ("Superintendent Harris") is the duly appointed Superintendent of Barrington 220 School District.

13.  Stephen McWilliams ("Principal McWilliams") is the duly appointed principal of Barrington High School.

### FACTUAL ALLEGATIONS

14.  The Girls are six high-school girls whose group photo at an off-campus party has made them the targets of online abuse, as well as public reproach and punishment from their school principal and superintendent.

15.     On July 10, 2017, the Girls attended a "white out" themed party at Plaintiff Kelley's private home. The "white out" theme related exclusively to the attire, and the party itself was attended by students of various races and ethnicities, including African Americans. Barrington High School also holds "white out" themed events, such as in the following example: https://patch.com/illinois/barrington-il/bhs-bronco-white-out-this-friday.

16.     The Plaintiffs took a group photo (the "Photo") at the aforementioned party, which was then uploaded to social media and tagged with the initials of the host, Kiera "Keisha" Kelley.

17.     After the Photo was uploaded, another BHS student, misconstrued the initials for a reference to the Ku Klux Klan, and Tweeted out the Photo with a call to involve BHS and induce it to impose punishment.

18.     From July 11 through 13, 2017, Principal McWilliams summoned some of the Plaintiffs into school for meetings. From those meetings, Principal McWilliams and District 220 became aware that:

a.     The Photo was taken at a private party attended by various races and ethnicities, including African Americans;

b.     The Photo was not intended, in advance or afterward, by any of the Girls as having anything to do with the Klan (rather one of the Girls simply posted it with the later addition of the initials of the host, Kiara "Keisha" Kelley);

c.     The hand gestures had nothing to do with the Klan or any hate group;

d.     The "white out" theme of the party related exclusively to the attire, not to the skin pigmentation of the attendees (which, again, included African Americans); and

e.     Barrington High School itself uses a similar "white out" theme, as in the following example: https://patch.com/illinois/barrington-il/bhs-bronco-white-out-this-friday.

19.     Nevertheless, on July 13, 2017, Superintendent Harris issued a statement to the entire BHS community, including parents, teachers, and staff, insinuating that the Girls were guilty of misconduct:

> On Tuesday Barrington 220 staff was made aware of a controversial photo circulating social media, involving a group of Barrington High School students. School administrators immediately contacted the students in the photo and their parents. The **district does not condone the actions of the students** in the photo and the matter is under active investigation. Once the investigation is complete, **we will determine the appropriate consequences**, according to our student handbook and board policy. The photo was not taken at any schools or district-related events and in no way does it represent the values of Barrington 220.
>
> We take this opportunity to remind our parents that students have incredible learning opportunities made possible by Internet access and technology devices. These opportunities also require a heightened sense of digital citizenship and responsibility. Students learn about social media responsibility as part of each school's curriculum and we also ask that parents reinforce the messages at home. (Emphasis added)

20.     Then, on July 14, 2017, Principal McWilliams met a group of protesters, outraged by the Photo, outside of the school. Rather than disclose what he had learned about the Photo or attempt to calm the misguided protestors, Principal McWilliams instead championed the group's cause, declaring the Plaintiffs guilty of "behavior" that he "will not stand for," that is "outrageous," and that "burns me to my core."

21.     McWilliams's statements, which were published in the news media, including the Chicago Tribune, were knowingly false implications of fact that he had obtained information through his investigations sufficient to conclude that the Girls had somehow associated themselves with the Klan.

22.     After rallying with the small protest group, on July 14, 2017, Principal McWilliams summoned the remainder of the Girls to school for further interrogations.

23.     Contrary to the BHS Handbook, the BHS Code of Conduct, and the Girls' Due Process rights, the District has never identified any valid charge or divulged any evidence in support of such charge.

24.     On July 27, 2017, District 220 called to request that each of the Girls submit to yet another interrogation by the "co-curricular committee." Some parents initially returned the calls and scheduled meetings. Those who did not return District 220's call received an email, on July 29, 2017, summoning them to the interrogation. That email states that their "involvement in the photo (tagged KKK) is viewed by the school as a breach of the prohibited misconduct section of that code."

25.     Each of the Girls is now expected to, yet again, "explain her involvement in the photo, how it came to be and any other pertinent facts she feels we need to know." Pending the outcome of this "investigation," the Girls are "to have no further involvement in co-curricular activities until [District 220] take[s] care of these meetings and any consequences that may or may not come out of them." In other words, the Girls are banned from extracurricular activities unless and until they submit to another interrogation into a groundless charge and endure whatever additional "consequences" the District sees fit to impose.

26.     The Girls have been publicly impugned and punished without having been found guilty of any violation, barred from extracurricular activities, and subjected to continuing interrogation, all of which is in clear violation of the Girls' Constitutional rights to free speech.

## COUNT I – DEFAMATION

27.     Plaintiffs incorporate the allegations of paragraphs 1 through 27 as if set forth fully herein.

28.     Defendants, despite having knowledge to the contrary, made public, defamatory

comments about Plaintiffs, including falsely implying they that they, in some manner, associated themselves with the Ku Klux Klan, which has resulted in damage to Plaintiffs' reputations, college admissions prospects and future earning potential.

29.     These statements were delivered through a Superintendent Newsletter to the community and through a public statement to the news media, both of which are not privileged publications.

30.     These comments made by Defendants are inherently harmful and have given the appearance of validation to the reckless accusations by Barrington High School and others, causing great damage to the Girls' good reputations in the community.

31.     Defendants acted with knowledge that the implications were untrue.

**Defamation *per quod***

32.     These damaging accusations, originating from careless, peripheral online commentators, were made exponentially more effectively by the public endorsements of the Superintendent and Principal. Such statements will undoubtedly inhibit the Plaintiffs' future educational and career prospects as well as their future earning potential.

33.     Rectifying the Plaintiffs' public image (although only partial recovery would be possible) will require the services of a publicist and will come at significant increased expense because of Defendants' conduct.

**Defamation *per se***

34.     Defendants' implications that the Plaintiffs somehow affiliated themselves with the Klan and engaged in punishable misconduct are defamatory per se.

## COUNT II – FALSE LIGHT

35.     Plaintiffs incorporate the allegations of paragraphs 1 through 35 as if set forth fully herein.

36.     Defendants, acting with malice, placed Plaintiffs before the public in a false light and in a manner that would be highly offensive to a reasonable person.

37.     The comments made by Defendants, school administrators and community role models, effectively portrayed Plaintiffs as having affiliated themselves with the Klan, a gross misrepresentation of both the activity depicted in the Photo and of the individuals themselves.

38.     This public condemnation has caused definite harm to Plaintiffs' reputations, not only at school and in the local community, but among the general public, thereby impeding their ability to succeed in any professional capacity.

39.     Defendants acted with knowledge that the implications were untrue.

## COUNT III – 42 U.S.C. § 1983

40.     Defendant Harris and McWilliams, based on the Photo, have declared Plaintiffs guilty of being in "breach of the prohibited misconduct section of the" Code of Conduct and barred them from extracurricular activities, pending a hearing, in plain violation of Plaintiffs' well-established Constitutional right to free speech.

41.     Defendants, as Principal of Barrington High School and Superintendent of Barrington 220 School District, were acting under the color of state law.

42.     Defendants' exercise of their right to free speech via the Photo did not occur at a school event, was not about school, and was not, in any way, aimed at the school.

43.     Nevertheless, Defendants have unconstitutionally harassed and punished Plaintiffs for exercising this right. Plaintiffs have thereby been deprived of rights, privileges, and immunities guaranteed by the First Amendment to the Constitution.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Plaintiffs request that this Court:

a.      Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b.      Declare that Defendants' actions violate the First Amendment, as noted above.

c.      Enter a permanent injunction barring any further harassment or punishment because of the facts alleged herein.

d.      Award Plaintiffs damages in an amount to be determined at trial.

e.      Award plaintiffs their costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

f.      Award all other proper relief.

                                        Respectfully submitted,


                                        By: _/s/ Thomas A. Lidbury_
                                             Thomas A. Lidbury (6211158)
                                             Benesch, Friedlander, Coplan &
                                             Aronoff LLP
                                             333 West Wacker Drive, Suite 1900
                                             Chicago, IL 60606
                                             Telephone: 312.212.4949
                                             Facsimile: 312.767.9192