IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BETH BRANSKY, as Next Friend of ISABELLA BRANSKY, PERSEPHONE GAVRILOS, as Next Friend of KRISTINA GAVRILOS, T.K., as Next Friend of K.K., A.S., as Next Friend of J.S., MICK STEVANOVICH, as Next Friend of MOLLY STEVANOVICH, and L.V., as Next Friend of H.V., ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 17-cv-5741 Hon. Judge Sharon Coleman |
| v. ) ) | |
| BRIAN HARRIS, STEVEN McWILLIAMS and BARRINGTON COMMUNITY UNIT SCHOOL DISTRICT 220, ) ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' EMERGENCY
RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants, Board of Education of Barrington Community Unit School District 220, Dr. Brian Harris (Superintendent) and Mr. Steven McWilliams (Principal) (collectively referred to as the "School District") hereby move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures. In support of this Motion to Dismiss, the School District states as follows:

1. This Motion to Dismiss has been filed on an emergency basis because the presentment of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction is scheduled before this Court tomorrow morning, August 10, 2017.

1928790.1

2. The relief that Defendants are seeking is the dismissal of Plaintiffs' underlying Complaint in its entirety, which will obviate the need for a hearing on Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction.

3. On August 7, 2017, six current Barrington High School students initiated this lawsuit by filing a Motion for Temporary Restraining Order and Preliminary Injunction; Memorandum of Law in support thereof; and a Complaint and Jury Demand.

4. Plaintiffs' Complaint contains three counts, only one of which alleges a violation of federal law: claims of "unconstitutional harassment" and "punishment" allegedly violative of Section 1983 of the *Civil Rights Act*, 42 U.S.C. § 1983 (Count III). Count I of Plaintiffs' Complaint is a defamation claim and Count II is a false light claim, both of which are state law causes of action. This Motion seeks dismissal of all three counts contained in Plaintiffs' Complaint. Count III should be dismissed because there is no case or controversy in dispute under Section 1983 of the Civil Rights Act. Counts I and II should be dismissed because this Court does not have supplemental jurisdiction to decide state law disputes.

5. As an initial matter, Plaintiffs have not provided any evidence that they were disciplined by the School District because none exists. Plaintiffs have not been suspended or expelled from school attendance, nor is discipline even being contemplated by the School District.

6. Neither are the three Plaintiffs who participate in extracurricular activities prohibited from that participation.

7. Plaintiffs Isabella Bransky, Kristina Gavrilos and Molly Stevanovich are not involved in extracurricular activities and therefore have no cause of action under Section 1983.

8. The undersigned notified counsel for the Plaintiffs via email message and telephone conference on Monday, August 7, 2017, prior to the filing of the lawsuit, that no restrictions were

being placed on the Plaintiffs' participation in extracurricular activities and that the Co-Curricular Committee meeting had been cancelled. (See attached Exhibit A).

9. Even assuming that the allegations contained in Plaintiffs' complaint were true, Section 24 of the *Illinois School Code* allows schools boards to "make and enforce reasonable rules of conduct and sportsmanship for athletic and extracurricular school events." 105 ILCS 5/24-24. *Nuding v. Bd. of Ed. Cerro Gordo CUSD 100*, 313 Ill.App.3d 344 (4th Dist. 2000).

10. It is also well-established that students do not have a constitutional right to participate in extracurricular activities. *See, Piekosz-Murphy and N.M., Plaintiffs v. Bd. of Educ. of Comm. High Sch. Dist. 230 et. al*, 858 F. Supp. 2d 952, 959 (ND IL 2012); *Jordan ex. rel. Edwards v. O'Fallon Twp. High Sch. Dist. No. 203 Bd. of Educ.*, 706 N.E. 2d 137, 140, 302 Ill.App.3d 1070, 235 Ill.Dec. 877 (1999); *A.C. v. Bd. of Educ. for Cambridge Comm. Unit Sch. Dist. #227*, 2005 WL 3560658 *882 (IL 2005) (See attached Exhibit B).

11. The only federal cause of action is contained in Count III of Plaintiffs' Complaint, which alleges that Superintendent Harris and Principal McWilliams acted under color of state law under Section 1983 by declaring "Plaintiffs guilty of being in 'breach of the prohibited misconduct section of the' Code of Conduct and barred them from extracurricular activities, pending a hearing, in plain violation of Plaintiffs' well-established Constitutional right to free speech." Plaintiffs' Complaint at ¶ 40.

12. Defendants seek dismissal of Counts I and II on the basis that both the defamation and false light claims are state-law claims which fall outside of this Court's supplemental jurisdiction, as governed by 28 U.S.C. § 1367(a), which states in relevant part: [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims *that are so related to claims in the action within such original*

3

*jurisdiction that they form part of the same case or controversy* under Article III of the United States Constitution...." 28 U.S.C. § 1367(a) (emphasis added).

13. The criteria for declining to exercise supplemental jurisdiction are set forth in Section 1367(c) of the *Federal Rules of Civil Procedure* [28 U.S. Code § 1367(c)]: "The district courts may decline to exercise supplemental jurisdiction ... if –

(1) the claim raises a novel or complex issue of State law.

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction.

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

14. This court has broad discretion to determine whether to relinquish supplemental jurisdiction over state law claims after the basis for the original federal jurisdiction is removed. *Energy Labs, Inc. v. Edwards Engineering*, 2017 WL 818855 (N.D. Ill 2017 Honorable Marvin E. Aspen) (see attached at Exhibit C), citing *RWJ Mgmt. Cos., Inc. v. BP Prods. N. Am.*, 672 F.3d 476, 478 (7th Cir. 2012).

15. For the foregoing reasons, Plaintiffs' state law claims (Counts I and II) that have been brought in conjunction with the Section 1983 claim must be dismissed.

WHEREFORE, for the reasons set forth herein, Defendants request that this Court dismiss Plaintiffs' Complaint in its entirety.

>Respectfully submitted,
>
>**BOARD OF EDUCATION OF BARRINGTON COMMUNITY UNIT SCHOOL DISTRICT 220, DR. BRIAN HARRIS and STEVEN McWILLIAMS**
>
>By:  s/ Darcy L. Kriha
>         One of Its Attorneys

Darcy L. Kriha (06210325)
dlk@franczek.com
John A. Relias (02313081)
jar@franczek.com
Laura E. Knittle (06313257)
lek@franczek.com
Franczek Radelet P.C.
300 South Wacker Drive – Suite 3400
Chicago, IL 60606
Tel. (312) 986-0300
Fax (312) 986-9192

Dated:  August 9, 2017

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a copy of the foregoing **DEFENDANTS' EMERGENCY RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT** to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record on this 9th day of August, 2017:

Thomas A. Lidbury
Trevor J. Illes
Benesch, Friedlander, Coplan & Aronoff LLP
333 West Wacker Drive – Suite 1900
Chicago, IL 60606
tlidbury@beneschlaw.com
tilles@beneschlaw.com

                                                s/ Darcy L. Kriha
                                                    Darcy L. Kriha

Darcy L. Kriha (06210325)
dlk@franczek.com
John A. Relias (02313081)
jar@franczek.com
Laura E. Knittle (06313257)
lek@franczek.com
Franczek Radelet P.C.
300 South Wacker Drive – Suite 3400
Chicago, IL 60606
Tel. (312) 986-0300
Fax (312) 986-9192