# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| BETH BRANSKY, as Next Friend of ISABELLA BRANSKY, PERSEPHONE GAVRILOS, as Next Friend of KRISTINA GAVRILOS, T.K., as Next Friend of K.K., A.S., as Next Friend of J.S., MICK STEVANOVICH, as Next Friend of MOLLY STEVANOVICH, and L.V., as Next Friend of H.V., <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN HARRIS, STEVEN McWILLIAMS and BARRINGTON COMMUNITY UNIT SCHOOL DISTRICT 220, <br><br> Defendants. | Case No. 17-cv-5741 <br><br> Hon. Judge Sharon Coleman |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND

NOW COME Defendants, Board of Education of Barrington Community Unit School District 220, Dr. Brian Harris and Steven McWilliams (collectively referred to herein as the "School District"), by and through their attorneys, Franczek Radelet P.C., and submit this Answer to Plaintiffs' Complaint and Jury Demand as follows:

## NATURE OF THE ACTION

1. This case arises out of District 220's unconstitutional discipline of several Barrington High School ("BHS") students because other BHS students saw a group photograph from a private, non-school-related party, mistook the initials of Kiara "Keisha" Kelley as alignment with the Ku Klux Klan, and made it their summer project to instigate a virtual internet mob to threaten and pressure District 220 to involve itself and mete out punishment for the thought crime they imagined had occurred. District 220, its Superintendent, Dr. Brian Harris, and BHS Principal, Steven McWilliams, cravenly obliged. They hauled Plaintiffs' minors (the "Girls") in for unwarranted interrogations into what (even if the internet mob's imaginations had been correct) is patently protected free speech that District 220 may not punish. After these interrogations, District 220, Principal McWilliams, and Superintendent Harris no longer had any

excuse to believe that reality matched the imagination of the internet mob. Nevertheless, despite their knowledge, they publicly (including in the press) defamed the Plaintiffs' minors (the "Girls") anyway ("behavior" that school "will not stand for," that is "outrageous," and that "burns me to my core"), declared them guilty, by virtue of nothing more than the photograph, of being in "breach of the prohibited misconduct section of the" Code of Conduct, and barred them from extracurricular activities pending yet another sentencing hearing – all in plain violation of their Constitutional rights. By this action, Plaintiffs seek damages and injunctive relief preventing punishment for exercising their right to free speech.

**ANSWER:** The School District denies the allegations set forth in Paragraph 1.

## JURISDICTION AND VENUE

2. Subject-matter jurisdiction is proper in this Court pursuant to 28 U.S.C § 1331 because federal questions under the Constitution are involved.

**ANSWER:** The School District denies the allegation set forth in Paragraph 2.

3. This Court is vested with power to render a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, which permit the Court to declare the rights and other legal relations of any interest party in a case of actual controversy.

**ANSWER:** The School District admits the allegations set forth in Paragraph 3, but

affirmatively states that no federal question has been alleged by Plaintiffs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)

**ANSWER:** The School District denies the allegation set forth in Paragraph 4.

## THE PARTIES

5. Molly Stevanovich is a minor child who is domiciled in the attendance area of Barrington High School (BHS) with her parents and legal guardians, Colleen Stevanovich and Mick Stevanovich.

**ANSWER:** The School District admits the allegations set forth in Paragraph 5.

6. J.S. is a minor child who is domiciled in the attendance area of Barrington High School (BHS) with her parent and legal guardian, A.S.

**ANSWER:** The School District admits the allegations set forth in Paragraph 6.

7. K.K. is a minor child who is domiciled in the attendance area of Barrington High School (BHS) with her parents and legal guardians, M.K. and T.K.

**ANSWER:** The School District admits the allegations set forth in Paragraph 7.

8. H.V. is a minor child who is domiciled in the attendance area of Barrington High School (BHS) with her parents and legal guardian L.V.

**ANSWER:** The School District admits the allegations set forth in Paragraph 8.

9. Isabella Bransky is a minor child who is domiciled in the attendance area of Barrington High School (BHS) with her parent and legal guardian Beth Bransky.

**ANSWER:** The School District admits the allegations set forth in Paragraph 9.

10. Kristina Gavrilos is a minor child who is domiciled in the attendance area of Barrington High School (BHS) with her parent and legal guardian, Persephone Gavrilos.

**ANSWER:** The School District admits the allegations set forth in Paragraph 10.

11. Barrington 220 School District is located in Barrington, Illinois and provides public education for children in portions of Lake and Cook Counties. The public high school involved in this matter that is operated by Barrington 220 School District is Barrington High School, located at 616 W Main Street, Barrington, Illinois 60010.

**ANSWER:** The School District admits the allegations set forth in Paragraph 11, with the following clarifications: 1) The School District's official name is "Barrington Community Unit School District 220"; 2) The School District serves students from McHenry and Kane Counties, along with students from Lake and Cook Counties; and 3) the School District's administrative office and Barrington High School are both located in Barrington, Illinois, along with eight of its schools. Three of the District's schools are located in the neighboring communities of Carpentersville, North Barrington and South Barrington.

12. Brian Harris ("Superintendent Harris") is the duly appointed Superintendent of Barrington 220 School District.

**ANSWER:** The School District admits the allegations contained in Paragraph 12.

13. Stephen McWilliams ("Principal McWilliams") is the duly appointed principal of Barrington High School.

**ANSWER:** The School District admits the allegations contained in Paragraph 13.

## FACTUAL ALLEGATIONS

14. The Girls are six high-school girls whose group photo at an off-campus party has made them the targets of online abuse, as well as public reproach and punishment from their school principal and superintendent.

**ANSWER:** The School District admits that the Plaintiffs are students at Barrington High School and that the group photo was not taken on school grounds. The School District denies that the Plaintiffs have been reproached or punished by Dr. Harris or Mr. McWilliams. The School District lacks information or knowledge sufficient to determine the truth or falsity regarding whether the group photo was taken at a party or whether Plaintiffs are targets of online abuse.

15. On July 10, 2017, the Girls attended a "white out" themed party at Plaintiff Kelley's private home. The "white out" theme related exclusively to the attire, and the party itself was attended by students of various races and ethnicities, including African Americans. Barrington High School also holds "white out" themed events, such as in the following example: https://patch.com/illinois/barrington-il/bhs-bronco-white-out-this-friday.

**ANSWER:** The School District lacks information or knowledge sufficient to determine the truth or falsity regarding whether the Plaintiffs attended a themed party or not, the date of the party, whether the theme of the party related exclusively to their attire or the races and ethnicities of the attendees at the party. The School District admits that it has held "white out" themed events in the past, which corresponds with the 'white' or light color jerseys worn by the home team in certain sports, *e.g.*, basketball.

1928348.1

16. The Plaintiffs took a group photo (the "Photo") at the aforementioned party, which was then uploaded to social media and tagged with the initials of the host, Kiera "'Keisha'" Kelley.

**ANSWER:** The School District lacks information or knowledge sufficient to determine the truth or falsity of the allegations set forth in Paragraph 16.

17. After the Photo was uploaded, another BHS student, misconstrued the initials for a reference to the Ku Klux Klan, and Tweeted out the Photo with a call to involve BHS and induce it to impose punishment.

**ANSWER:** The School District lacks information or knowledge sufficient to determine the truth or falsity of the allegations set forth in Paragraph 17.

18. From July 11 through 13, 2017, Principal McWilliams summoned some of the Plaintiffs into school for meetings. From those meetings, Principal McWilliams and District 220 became aware that:

    a. The Photo was taken at a private party attended by various races and ethnicities, including African Americans;

**ANSWER:** The School District admits that the Plaintiffs and their parents were asked to meet with School District personnel to discuss the situation. The School District lacks information or knowledge sufficient to determine the truth or falsity of the remaining allegations contained in Paragraph 18a.

    b. The Photo was not intended, in advance or afterward, by any of the Girls as having anything to do with the Klan (rather one of the Girls simply posted it with the later addition of the initials of the host, Kiara "'Keisha" Kelley);

**ANSWER:** The School District lacks information or knowledge sufficient to determine the truth or falsity of the allegations contained in Paragraph 18b.

    c. The hand gestures had nothing to do with the Klan or any hate group;

**ANSWER:** The School District lacks information or knowledge sufficient to determine the truth or falsity of the allegations contained in Paragraph 18c.

d. The "white out' theme of the party related exclusively to the attire, not to the skin pigmentation of the attendees (which, again, included African Americans); and

**ANSWER:** The School District lacks information or knowledge sufficient to determine the truth or falsity of the allegations contained in Paragraph 18d.

e. Barrington High School itself uses a similar "white out" theme, as in the following example: https://patch.comn/illinois/barrington-i1/bhs-bronco-white-out-this-friday.

**ANSWER:** The School District admits the allegations contained in Paragraph 18e. The School District admits that it has held "white out" themed events in the past, which corresponds with the 'white' or light color jerseys worn by the home team in certain sports, *e.g.*, basketball.

19. Nevertheless, on July 13, 2017, Superintendent Harris issued a statement to the entire BHS community, including parents, teachers, and staff, insinuating that the Girls were guilty of misconduct:

> On Tuesday Barrington 220 staff was made aware of a controversial photo circulating social media, involving a group of Barrington High School students. School administrators immediately contacted the students in the photo and their parents. The **district does not condone the actions of the students** in the photo and the matter is under active investigation. Once the investigation is complete, **we will determine the appropriate consequences**, according to our student handbook and board policy. The photo was not taken at any schools or district-related events and in no way does it represent the values of Barrington 220.
>
> We take this opportunity to remind our parents that students have incredible learning opportunities made possible by Internet access and technology devices. These opportunities also require a heightened sense of digital citizenship and responsibility. Students learn about social media responsibility as part of each school's curriculum and we also ask that parents reinforce the messages at home. (Emphasis added)

**ANSWER:** The School District admits that Superintendent Harris issued a written statement but denies that his statement insinuated that the Plaintiffs were guilty of misconduct.

20. Then, on July 14, 2017, Principal McWilliams met a group of protesters, outraged by the Photo, outside of the school. Rather than disclose what he had learned about the Photo or attempt to calm the misguided protestors, Principal McWilliams instead championed the group's

cause, declaring the Plaintiffs guilty of "behavior" that he "will not stand for," that is "outrageous," and that "burns me to my core."

**ANSWER:** The School District admits that Principal McWilliams met a group of protesters who had assembled on the grounds of Barrington High School on July 14, 2017, and that he made the statements set forth above but denies the remaining allegations contained in Paragraph 20.

21. McWilliams's statements, which were published in the news media, including the Chicago Tribune, were knowingly false implications of fact that he had obtained information through his investigations sufficient to conclude that the Girls had somehow associated themselves with the Klan.

**ANSWER:** The School District admits that some of Principal McWilliams' statements were published in an article in the Chicago Tribune but denies the remaining allegations contained in Paragraph 21.

22. After rallying with the small protest group, on July 14, 2017, Principal McWilliams summoned the remainder of the Girls to school for further interrogations.

**ANSWER:** The School District denies the allegations set forth in Paragraph 22.

23. Contrary to the BHS Handbook, the BHS Code of Conduct, and the Girls' Due Process rights, the District has never identified any valid charge or divulged any evidence in support of such charge.

**ANSWER:** The School District denies the allegations set forth in paragraph 23.

24. On July 27, 2017, District 220 called to request that each of the Girls submit to yet another interrogation by the "co-curricular committee." Some parents initially returned the calls and scheduled meetings. Those who did not return District 220's call received an email, on July 29, 2017, summoning them to the interrogation. That email states that their "involvement in the photo (tagged KKK) is viewed by the school as a breach of the prohibited misconduct section of that code."

**ANSWER:** The School District denies the allegations set forth in Paragraph 24 and affirmatively states that the email message speaks for itself.

25. Each of the Girls is now expected to, yet again, "explain her involvement in the photo, how it came to be and any other pertinent facts she feels we need to know." Pending the outcome of this "investigation," the Girls are "to have no further involvement in co-curricular activities until [District220] take[s] care of these meetings and any consequences that may or may not come out of them." In other words, the Girls are banned from extracurricular activities unless and until they submit to another interrogation into a groundless charge and endure whatever additional "consequences" the District sees fit to impose.

**ANSWER:** The School District denies the allegations set forth in Paragraph 25 and affirmatively states that the email message speaks for itself.

26. The Girls have been publicly impugned and punished without having been found guilty of any violation, barred from extracurricular activities, and subjected to continuing interrogation, all of which is in clear violation of the Girls' Constitutional rights to free speech.

**ANSWER:** The School District denies the allegations set forth in Paragraph 26.

## COUNT I – DEFAMATION

27. Plaintiffs incorporate the allegations of paragraphs 1 through 27 as if set forth fully herein.

**ANSWER:** See foregoing answers to Paragraph 1-27.

28. Defendants, despite having knowledge to the contrary, made public, defamatory comments about Plaintiffs, including falsely implying they [sic] that they, in some manner, associated themselves with the Ku Klux Klan, which has resulted in damage to Plaintiffs' reputations, college admissions prospects and future earning potential.

**ANSWER:** The School District denies the allegations set forth in Paragraph 28.

29. These statements were delivered through a Superintendent Newsletter to the community and through a public statement to the news media, both of which are not privileged publications.

**ANSWER:** The School District denies the allegations set forth in Paragraph 29.

30. These comments made by Defendants are inherently harmful and have given the appearance of validation to the reckless accusations by Barrington High School and others, causing great damage to the Girls' good reputations in the community.

**ANSWER:** The School District denies the allegations set forth in Paragraph 30.

31. Defendants acted with knowledge that the implications were untrue.

**ANSWER:** The School District denies the allegations set forth in Paragraph 31.

**Defamation** *per quod*

32. These damaging accusations, originating from careless, peripheral online commentators, were made exponentially more effectively by the public endorsements of the Superintendent and Principal. Such statements will undoubtedly inhibit the Plaintiffs' future educational and career prospects as well as their future earning potential.

**ANSWER:** The School District denies the allegations set forth in Paragraph 32.

33. Rectifying the Plaintiffs' public image (although only partial recovery would be possible) will require the services of a publicist and will come at significant increased expense because of Defendants' conduct.

**ANSWER:** The School District denies the allegations set forth in Paragraph 33.

**Defamation** *per se*

34. Defendants' implications that the Plaintiffs somehow affiliated themselves with the Klan and engaged in punishable misconduct are defamatory per se.

**ANSWER:** The School District denies the allegations set forth in Paragraph 34.

## COUNT II – FALSE LIGHT

35. Plaintiffs incorporate the allegations of paragraphs 1 through 35 as if set forth fully herein.

**ANSWER:** See foregoing answers to Paragraphs 1-35.

36. Defendants, acting with malice, placed Plaintiffs before the public in a false light and in a manner that would be highly offensive to a reasonable person.

**ANSWER:** The School District denies the allegations set forth in Paragraph 36.

37. The comments made by Defendants, school administrators and community role models, effectively portrayed Plaintiffs as having affiliated themselves with the Klan, a gross misrepresentation of both the activity depicted in the Photo and of the individuals themselves.

**ANSWER:** The School District denies the allegations set forth in Paragraph 37.

38. This public condemnation has caused definite harm to Plaintiffs' reputations, not only at school and in the local community, but among the general public, thereby impeding their ability to succeed in any professional capacity.

**ANSWER:** The School District denies the allegations set forth in Paragraph 38.

39. Defendants acted with knowledge that the implications were untrue.

**ANSWER:** The School District denies the allegations set forth in Paragraph 39.

## COUNT III – 42 U.S.C. § 1983

40. Defendant Harris and McWilliams, based on the Photo, have declared Plaintiffs guilty of being in "breach of the prohibited misconduct section of the" Code of Conduct and barred them from extracurricular activities, pending a hearing, in plain violation of Plaintiffs' well-established Constitutional right to free speech.

**ANSWER:** The School District denies the allegations set forth in Paragraph 40.

41. Defendants, as Principal of Barrington High School and Superintendent of Barrington 220 School District, were acting under the color of state law.
**ANSWER:** The School District admits the allegations set forth in Paragraph 41.

42. Defendants' exercise of their right to free speech via the Photo did not occur at a school event, was not about school, and was not, in any way, aimed at the school.

**ANSWER:** The School District admits that the photo was taken and posted on social media off of school grounds, but denies the remaining allegations set forth in Paragraph 42.

43. Nevertheless, Defendants have unconstitutionally harassed and punished Plaintiffs for exercising this right. Plaintiffs have thereby been deprived of rights, privileges, and immunities guaranteed by the First Amendment to the Constitution.

**ANSWER:** The School District denies the allegations set forth in Paragraph 43.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

a. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.
b. Declare that Defendants' actions violate the First Amendment, as noted above.
c. Enter a permanent injunction barring any further harassment or punishment because of the facts alleged herein.
d. Award Plaintiffs damages in an amount to be determined at trial.
e. Award plaintiffs their costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.
f. Award all other proper relief.

**ANSWER:** The School District denies the allegations set forth in Plaintiffs' Request for Relief.

Respectfully submitted,

**BOARD OF EDUCATION OF BARRINGTON COMMUNITY UNIT SCHOOL DISTRICT 220, DR. BRIAN HARRIS and STEVEN McWILLIAMS**

By:    s/ Darcy L. Kriha
        One of Its Attorneys

Darcy L. Kriha (06210325)
dlk@franczek.com
John A. Relias (02313081)
jar@franczek.com
Laura E. Knittle (06313257)
lek@franczek.com
Franczek Radelet P.C.
300 South Wacker Drive – Suite 3400
Chicago, IL 60606
Tel. (312) 986-0300
Fax (312) 986-9192
Dated: September 6, 2017

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a copy of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND** to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record on this 6th day of September, 2017:

Thomas A. Lidbury
Trevor J. Illes
Benesch, Friedlander, Coplan & Aronoff LLP
333 West Wacker Drive – Suite 1900
Chicago, IL 60606
tlidbury@beneschlaw.com
tilles@beneschlaw.com


 s/ Darcy L. Kriha
Darcy L. Kriha

Darcy L. Kriha (06210325)
dlk@franczek.com
John A. Relias (02313081)
jar@franczek.com
Laura E. Knittle (06313257)
lek@franczek.com
Franczek Radelet P.C.
300 South Wacker Drive – Suite 3400
Chicago, IL 60606
Tel. (312) 986-0300
Fax (312) 986-9192